UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| ROBERT DEMON TAYLOR, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 13-202-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| KAREN EDENFIELD, Warden of FCI-Manchester, | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Robert Demon Taylor is an inmate confined at the Federal Correctional Institution in Manchester, Kentucky ("FCI-Manchester"). Proceeding without an attorney, Taylor has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his federal conviction and sentence. [Record No. 1] Because § 2241 is not the proper vehicle to obtain the relief sought, the petition will be denied.

**I.**

On October 23, 2007, a federal grand jury in the District of South Carolina returned a three-count indictment against Taylor, charging him with: (i) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (Count 1); (ii) possessing five or more grams of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a), (b)(1)(B)-(C) (Count 2); and (iii) possessing a firearm during, and in relation to, a drug

-1-

trafficking crime in violation of 18 U.S.C. § 924(c) (Count 3). [*See United States v. Robert Demon Taylor*, Criminal Action No. 4: 07-1285-RBH-1 (D.S.C. Oct. 18, 2007), Record No. 12.] On April 30, 2008, the government provided notice pursuant to 21 U.S.C. § 851 that, in light of Taylor's prior North Carolina convictions for possession with intent to distribute cocaine, he was subject to the career offender provisions under 21 U.S.C. § 841(b)(1)(B). [Record No. 1-2, pp. 2-12; *see also Taylor*, Criminal Action No. 4: 07-1285-RBH-1, Record No. 36.]

On May 1, 2008, Taylor signed a written plea agreement in which he agreed to plead guilty to all three counts of the indictment. [*Id.* at Record No. 37] As part of the agreement, the parties stipulated that Taylor would receive a fifteen-year term of imprisonment.[1] [*Id.*] Taylor also expressly agreed to "waive[] the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255." [*Id.*, p. 7] On September 26, 2008, the district court sentenced Taylor to concurrent ten-year terms of incarceration on the felon in possession and drug trafficking convictions (Counts 1 and 2), to run consecutively to a five-year term of incarceration on the § 924(c) conviction (Count 3), for a fifteen-year cumulative term. [*See* Record No. 1, p. 3; *see also Taylor,* Criminal Action No. 4: 07-1285-RBH-1, Record No. 53.]

Taylor did not directly appeal his conviction or sentence. However, despite the explicit waiver provision of his written plea agreement, on July 6, 2010, Taylor filed a

---

[1] The plea agreement further stated that if the district court did not accept this stipulation, either party had the right to withdraw from the agreement. [*Id.* p. 6]

motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [*Taylor*, Criminal Action No. 4: 07-1285-RBH-1, Record No. 65] The government subsequently filed a motion to dismiss or, in the alternative, for summary judgment, arguing that Taylor's § 2255 motion was untimely and that his claims were without merit. [*Id.* at Record No. 73] On September 20, 2010, the district court granted the government's motion to dismiss and denied Taylor's § 2255 motion. [*Id.* at Record Nos. 78, 79]

On May 9, 2012, Taylor filed a second § 2255 motion. Relying on *Simmons v. United States*, 649 F. 3d 237 (4th Cir. 2011), he asserted that his sentence was in error. Specifically, he argued that because he was only sentenced to a term of eight to ten months for each of his two prior state drug convictions, these convictions were improperly used in determining that he qualified as a career offender. [*Id.* at Record No. 90] The district court denied Taylor's second § 2255 motion, without prejudice, to allow him to seek permission from the Fourth Circuit to file a second or successive § 2255 motion. [*Id.* at Record No. 96] The Fourth Circuit subsequently denied Taylor's request. *In re: Robert Taylor*, No. 12-301 (4th Cir. Aug. 28, 2012).

Again relying on *Simmons*, 649 F. 3d 237, Taylor has also filed numerous motions seeking to reduce his sentence and to modify his career offender status. [*Taylor*, Criminal Action No. 4: 07-1285-RBH-1, Record Nos. 81, 101] The district court denied each of these motions, informing Taylor that the proper manner of seeking the relief sought would be a § 2255 motion but that, nonetheless, his *Simmons* argument was

without merit. [*Id.* at Record Nos. 87, 88, 104] Unsatisfied, on October 18, 2013, Taylor filed his petition for habeas relief under § 2241. [Record No. 1]

**II.**

In conducting an initial review of habeas petitions pursuant to 28 U.S.C. § 2243, the Court must deny the relief sought "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Because Taylor is not represented by an attorney, the Court evaluates his petition under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). Thus, at this stage of the proceedings, Taylor's factual allegations are accepted as true and his legal claims are liberally construed in his favor.

In his current petition, Taylor again argues that the district court erred by determining that he qualified as a career offender under 21 U.S.C. § 841. More specifically, he contends that, in light of the Supreme Court's decision in *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010), and the Fourth Circuit's application of *Carachuri-Rosendo* to North Carolina's structured sentencing scheme in *Simmons* and *Miller v. United States*, 735 F.3d 141 (4th Cir. 2013), his prior North Carolina drug trafficking convictions were not felonies punishable by one year or more in prison. As indicated above, in each case, the North Carolina court sentenced Taylor to an eight to ten month term of incarceration. [Record No. 1-2, pp. 2-9] Therefore, he contends that,

at the time of his § 922(g) conviction, he was not a prohibited person (*i.e.*, a convicted felon) and that this renders his § 922(g) conviction invalid. He also maintains that this same fact renders the career offender enhancement of his § 841(a) sentence improper. [Record No. 1, pp. 6-8]

In *Carachuri-Rosendo*, the Supreme Court held that to determine whether a lawful permanent resident may seek cancellation of removal action because he had not committed an "aggravated felony" under the Immigration and Nationality Act, courts must look at the offense the alien was actually convicted of committing, not the offense for which his conduct would have warranted conviction. *Carachuri-Rosendo*, 560 U.S. at 581-82 ("[T]he defendant must *also* have been *actually convicted* of a crime that is itself punishable as a felony under federal law. The mere possibility that the defendant's conduct, coupled with facts outside of the record of conviction, could have authorized a felony conviction under federal law is insufficient to satisfy the statutory command that a noncitizen be 'convicted of a[n] aggravated felony' before he loses the opportunity to seek cancellation of removal.") (emphasis in original)). Thus, the Court rejected the Fifth Circuit's "hypothetical approach," that "any 'conduct' that 'hypothetically' could have been punished as a felony had it been prosecuted in federal court is an 'aggravated felony' for federal immigration law purposes." *Id.* at 573 (and citations omitted).

The Supreme Court later remanded a number of cases to consider the impact of its decision on determinations regarding whether a prior conviction is one "punishable by imprisonment for more than one year" for purposes of the career offender enhancement

found in 21 U.S.C. § 841(b). *Simmons* was such a case. In *Simmons*, the Fourth Circuit held that, under North Carolina's structured sentencing scheme, a prior conviction is "punishable by imprisonment for more than one year" for purposes of § 841(b) only where the "class of offense," "prior record level," and any aggravating and mitigating factors actually found by the North Carolina court establish that the defendant was subject to more than one year imprisonment under North Carolina law. *Id*. at 240, 243-45 (*citing United States v. Pruitt*, 545 F.3d 416 (6th Cir. 2008)).

In the present case, Taylor's claims fail to provide a basis for habeas relief under 28 U.S.C. § 2241 for a multitude of reasons. A petition filed under § 2241 is reserved for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out (*i.e.*, the Bureau of Prisons' calculation of sentence credits or other issues affecting the length of his sentence). *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). To challenge the legality of a federal conviction or sentence, a prisoner must file a motion for post-conviction relief under 28 U.S.C. § 2255 in the court in which he was convicted and sentenced. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). The prisoner may not use a habeas corpus petition pursuant to 28 U.S.C. § 2241 for this purpose, because it does not constitute an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The "savings clause" in § 2255(e) provides a narrow exception to this rule. Under this provision, a prisoner may challenge the legality of his conviction through a § 2241

petition if his remedy under § 2255 "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e); *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). This standard is not satisfied merely because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (§ 2241 available "only when a structural problem in § 2255 forecloses even one round of effective collateral review . . .").

Instead, the prisoner must assert a claim of "actual innocence." Such a claim can arise only where, after the prisoner's conviction became final, the Supreme Court re-interprets the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."); *United States v. Prevatte*, 300 F.3d 792, 800-801 (7th Cir. 2002). Put another way, a petitioner may only pursue a claim of actual innocence under § 2241 when that claim is "based upon a new rule of law made retroactive by a Supreme Court case." *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999).

Here, Taylor's claims do not fall within this narrow exception. As an initial matter, his claims are not predicated upon Supreme Court authority. The Supreme Court's decision in *Carachuri-Rosendo* more narrowly defined the meaning of the term "aggravated felony" set forth in 8 U.S.C. § 1229b(a)(3) for purposes of the Immigration and Naturalization Act, but it did not address the question presented here (*i.e.* the definition of "felony drug offense" for purposes of the career offender enhancement set forth in the Armed Career Criminal Act ("ACCA")). While the Fourth Circuit applied the analytical framework described by the Supreme Court in *Carachuri-Rosendo* to § 841(b) determinations in *Simmons*, a claim under the savings clause must be predicated upon decisions of statutory interpretation issued by the Supreme Court, not the circuit courts. *Cf. Miller*, 735 F. 3d at 146 ("The fact that this Court relied on *Carachuri* in reaching its decision in *Simmons* does not mean that *Carachuri* itself announced a new rule of substantive criminal law, only that this Court applied *Carachuri* in such a way as to announce such a [new substantive rule.]").[2]

Second, Taylor's challenge to his sentence, as opposed to his conviction, does not fall within the reach of the savings clause found in 28 U.S.C. § 2255(e). *United States v. Peterman*, 249 F.3d 458,462 (6th Cir. 2001) (vacating habeas relief where petitioners "do not argue innocence but instead challenge their sentences. Courts have generally declined to collaterally review sentences that fall within the statutory maximum."). This

---

[2] While *Miller* suggests that a motion to vacate under § 2255 may provide an avenue for relief, for most defendants, such a motion will be untimely and barred by § 2255(f) absent, as was the case in *Miller*, the government's express waiver of the statute of limitations. *Cf. United States v. Sawyer*, No. 13-6556, 2014 U.S. App. LEXIS 1101, at * 1-2 (4th Cir. Jan. 21, 2014).

rule precludes a prisoner from resorting to § 2241 to challenge career offender enhancements. *See Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("Hayes does not assert that he is actually innocent of his federal offenses. Rather, he claims actual innocence of the career offender enhancement. The savings clause of section 2255(e) does not apply to sentencing claims."); *see also Brown v. Hogsten*, 503 F. App'x 342, 343 (6th Cir. 2012); *Wyatt v. United States*, 574 F.3d 455, 460 (7th Cir. 2009); *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008).

This Court has consistently rejected claims brought by § 2241 petitioners alleging that their sentences were improperly enhanced based upon prior state convictions, and the Sixth Circuit has consistently approved this approach. *Thornton v. Ives*, No. 6:11-CV-35-GFVT, 2011 WL 4586917, at *3 (E.D. Ky. Sept. 29, 2011), *aff'd*, No. 12-5051 (6th Cir. Sept. 11, 2012) (stating that allegations of sentencing errors do not qualify as claims of actual innocence under the savings clause); *Johnson v. Cauley*, No. 09-52-HRW (E.D.Ky. 2009), *aff'd*, No. 09-5991 (6th Cir. July 9, 2010) (claim that sentencing court improperly enhanced conviction based upon prior state conviction is not cognizable under Section 2241). Thus, Taylor would remain subject to his concurrently running ten-year term of imprisonment for possession with intent to distribute five or more grams of cocaine base in violation of 21 U.S.C. § 841(a), *regardless* of any determination regarding his § 922(g) conviction for being a felon in possession of a firearm.

More fundamentally, however, Taylor may not avail himself of the holdings in *Carachuri-Rosendo, Simmons*, or *Miller* because he expressly stipulated to a fifteen-year

sentence, and because he "waive[d] the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255." Such waivers are enforceable in habeas proceedings under § 2241, and preclude the assertion of the very arguments Taylor pursues here. *Solis-Caceres v. Sepanek*, No. 13-21-HRW, 2013 WL 4017119, at *3 (E.D. Ky. Aug. 6, 2013) (collecting cases); *Combs v. Hickey*, No. 11-12-JMH, 2011 WL 65598 (E.D. Ky. Jan. 7, 2011); *Peete v. United States*, No. 11-cv-2242, 2013 WL 3199834, at *1-2 (C.D. Ill. June 24, 2013) (holding that claims asserted in § 2241 petition barred by plea agreement's waiver of right to collaterally attack conviction); *Gonzalez v. Warden of MCC New York*, No. 12-Civ. 6910, 2013 WL 144956 (S.D.N.Y. Jan. 14, 2013); *Triplett v. Deboo*, No. 5:12CV140, 2014 WL 235521, at *6 (N.D.W.Va. Jan. 22, 2014) (holding challenge under *Carachuri-Rosendo* to § 922(g) conviction in § 2241 petition barred by collateral attack waiver in plea agreement).

## III.

Taylor has failed to demonstrate that he is entitled to proceed under 28 U.S.C. § 2241. Accordingly, it hereby

**ORDERED** as follows:

1. Petitioner Robert Demon Taylor's 28 U.S.C. § 2241 petition for a writ of habeas corpus [Record No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered this date in favor of Respondent Karen Edenfield, Warden of FCI-Manchester.

This 19th day of February, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge